1  DONALD W. SEARLES, Cal. Bar No. 135705
   SearlesD@sec.gov
2  KELLY BOWERS, Cal. Bar No. 164007
   BowersK@sec.gov
3  J. CINDY ESON, Cal. Bar No. 219782
   EsonJC@sec.gov
4  ROBERTO A. TERCERO, Cal. Bar No. 143760
   TerceroR@sec.gov
5
   Attorney for Plaintiff
6  Securities and Exchange Commission
   Rosalind R. Tyson, Acting Regional Director
7  Andrew Petillon, Associate Regional Director
   5670 Wilshire Boulevard, 11th Floor
8  Los Angeles, California 90036
   Telephone: (323) 965-3998
9  Facsimile: (323) 965-3908



FILED
MAR 0 4 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

   Plaintiff,

vs.

TUCO TRADING, LLC, and DOUGLAS G. FREDERICK,

   Defendants.

Case No.: 08 CV 0400 DMS BLM

PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDERS: (1) FREEZING ASSETS; (2) APPOINTING A TEMPORARY RECEIVER; (3) REQUIRING ACCOUNTINGS; (4) PROHIBITING THE DESTRUCTION OF DOCUMENTS; (5) GRANTING EXPEDITED DISCOVERY; AND (6) ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND APPOINTMENT OF A PERMANENT RECEIVER

Plaintiff Securities and Exchange Commission ("Commission") moves for a temporary restraining order prohibiting defendants Tuco Trading, LLC ("Tuco"), and Douglas G. Frederick ("Frederick", collectively "Defendants") from committing violations of the antifraud and broker-dealer registration provisions of the federal securities laws, for orders freezing assets, appointing a temporary receiver over Tuco, requiring accountings, prohibiting the destruction of documents, and granting expedited discovery. In addition, the commission moves for an Order to Show Cause Re Preliminary Injunction and Appointment of a Permanent Receiver. The Commission makes this Motion pursuant to Rule 65 of the Federal Rules of Civil Procedure and CivLR Rule 83.3(h).

This case involves ongoing violations of the antifraud and broker-dealer registration provisions of the federal securities laws by Tuco, an unregistered Southern California securities day-trading firm, and Frederic, Tuco's controlling principal. Tuco and Frederick provide day-trading capability to over 250 day-traders. Tuco and Frederick allow Tuco's members to day-trade through Tuco's own brokerage accounts ("master accounts"), by creating "sub-accounts" for each trader. Tuco and Frederick then track the activity in each trader's sub-account, including trades, balances, commissions, fees, deposits and withdrawals, which Tuco reports to the trader on a daily basis. Tuco, aided and abetted by Frederick, however, is not registered as a broker or dealer with the Commission, in violation of Section 15(a) of the Exchange Act, 15 U.S.C. §78o(a).

Tuco and Frederick entice traders with services unavailable to day-traders at any registered broker-dealer. The Defendants allow a trader to day-trade even if his or her sub-account has less than $25,000 equity, which, under applicable National Association of Securities Dealers ("NASD") regulations, is the minimum equity requirement to day-trade. Traders at Tuco can also use up to $20 of Tuco's equity to purchase securities for each $1 in the trader's sub-account (*i.e.*, 20:1 buying power). Applicable NASD and New York Stock Exchange ("NYSE") rules, however, only allow a day-trader to have 4:1 buying power.

Tuco and Frederick are also violating the antifraud provisions of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5. On a

1  daily basis, Tuco and Frederick report to the traders their purported equity balances in their sub-
2  accounts.  As of December 31, 2007, however, Tuco and Frederick have used approximately
3  $3.62 million of the traders' approximate $10.2 million total equity to pay Tuco's expenses and
4  to cover trader losses and withdrawals.  In reporting the traders' equity balances, however, Tuco
5  and Frederick have failed to disclose to Tuco's traders that $3.62 million is missing from the
6  master accounts and that Tuco and Frederick have misused approximately 35% of the traders'
7  equity to pay Tuco's expenses and to cover other traders' losses.  Defendants' misuse of the
8  traders' equity is continuous and ongoing.  As of January 31, 2008, Tuco and Frederick used
9  approximately $1.35 million of the traders' approximate $11.4 million total equity to pay Tuco's
10 expenses and to cover trader losses and withdrawals.
11       The Defendants are violating, and unless enjoined will continue to violate, the federal
12 securities laws.  The Commission seeks a temporary restraining order against both Defendants,
13 and orders freezing the Defendants' assets, appointing a temporary receiver over Tuco, requiring
14 the Defendants to provide accountings, and granting the Commission expedited discovery.  The
15 Commission further seeks an order to show cause why both a preliminary injunction and
16 appointment of a permanent receiver over Tuco should not be ordered.  Pursuant to Rule 65(b)(1)
17 and CivLR 83.3(h), the Commission provided notice of this Motion to counsel for the
18 Defendants on March 3, 2008, at 10:03 a.m. by telephone and minutes afterwards by facsimile
19 and e-mail.
20       This Motion is based on this Motion, the concurrently filed Memorandum of Points and
21 Authorities, and the declarations of Roberto A. Tercero and Kent L. Woo and the exhibits
22 thereto, and any such other evidence and arguments the Court may permit.

DATED: March 3, 2008

DONALD W. SEARLES
ROBERTO A. TERCERO
Attorneys for Plaintiff
**Securities and Exchange Commission**