UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TUCO TRADING, LLC and<br>DOUGLAS G. FREDERICK,<br><br>Defendants. | Case No. 08cv0400 DMS (BLM)<br><br>**TEMPORARY RESTRAINING ORDER AND ORDERS:  (1) APPOINTING A TEMPORARY RECEIVER; (2) REQUIRING ACCOUNTINGS; (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS; (4) GRANTING EXPEDITED DISCOVERY; AND (5) ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND APPOINTMENT OF A PERMANENT RECEIVER** |

This matter came on for hearing on March 4, 2008, upon Plaintiff Securities and Exchange Commission's ("Commission") *Ex Parte* Motion For A Temporary Restraining Order and Orders:  (1) Freezing Assets; (2) Appointing a Temporary Receiver; (3) Requiring Accountings; (4) Prohibiting The Destruction Of Documents, (5) Granting Expedited Discovery; and (6) Order To Show Cause Re Preliminary Injunction and Appointment of a Permanent Receiver (the "Motion").  Roberto A. Tercero and Donald W. Searles appeared and argued on behalf of Plaintiff, Michele R. Fron appeared and argued on behalf of Defendants, and David L. Osias appeared and argued on behalf of the proposed receiver, Thomas Lennon.

///

The Court, having considered the Commission's Complaint, the Motion, the supporting Memorandum of Points and Authorities, Declarations and Exhibits, and all other evidence and argument of counsel presented regarding the Motion, finds that:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action;

B. The Commission has made a prima facie showing that Defendants Tuco Trading, LLC ("Tuco") and Douglas G. Frederick ("Frederick") and each of them, have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Sections 10(b) and 15(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) & 78o(a) and Rule 10b-5 thereunder, 17 C.F.R. §§ 240.10b-5; and

C. The Commission has made a prima facie showing that Defendants will continue to engage in such violations unless they are restrained and enjoined.

## I.

IT IS HEREBY ORDERED that the Commission's *Ex Parte* Motion for a Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Appointing a Temporary Receiver over Tuco; (3) Requiring Accountings; (4) Prohibiting the Destruction of Documents; (5) Granting Expedited Discovery; and (6) To Show Cause Re Preliminary Injunction and Appointment of a Permanent Receiver is GRANTED in part and DENIED in part. Specifically, the Court denies the Commission's request to freeze Defendants' assets, but grants the Commission's other requests as set forth below.

## II.

IT IS ORDERED that Thomas F. Lennon is appointed as temporary receiver of Tuco. Mr. Lennon is immediately authorized, empowered and directed:

A. to have access to all funds, assets, accounts, equities, negotiable instruments, collateral, premises (whether owned, leased, occupied, or otherwise controlled),

1    choses in action, books, records, papers and other real or personal property,
2    belonging to, being managed by, or in the possession of or control of Tuco and its
3    subsidiaries and affiliates; and
4  B.   to make an accounting, as soon as practicable, to this Court and the Commission
5    of the assets and financial condition of Tuco and the assets being managed by, or
6    in the possession of or control of Tuco and its subsidiaries and affiliates.

**III.**

IT IS FURTHER ORDERED that Defendants Frederick and Tuco and their subsidiaries, affiliates, officers, agents, servants, employees, and attorneys, and any other persons who are in custody, possession, or control of any assets, negotiable instruments, equities, collateral, books, records, papers, notes, deeds of trust, and other interests in real property, or other property of, or managed by Tuco (including, but not limited to, GLB Trading, Inc.) shall forthwith give access to such property to the temporary receiver.

**IV.**

IT IS FURTHER ORDERED that Defendants Tuco and Frederick shall pay the costs, fees, and expenses of the temporary receiver incurred in connection with the performance of his or her duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the temporary receiver to assist him or her in carrying out his or her duties and obligations. All applications for costs, fees and expenses for services rendered in connection with the temporary receivership other than routine and necessary business expenses in conducting the temporary receivership, such as salaries, rent, and any and all other reasonable operating and liquidating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

**V.**

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the temporary receiver. Except for an act of gross negligence, the temporary receiver shall not be liable for any loss or damage incurred by any of the Defendants, their officers, agents, servants, employees, and attorneys or any other person, by reason of any act

performed or omitted to be performed by the temporary receiver in connection with the discharge of his duties and responsibilities.

**VI.**

IT IS FURTHER ORDERED that representatives of the Commission are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Tuco, and their subsidiaries and affiliates, and continuing access to inspect their funds, property, assets, equities, negotiable instruments, and collateral, wherever located.

**VII.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Tuco and Frederick and their subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly:  destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody, or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants Tuco and Frederick.

**VIII.**

IT IS FURTHER ORDERED that the Commission's application for expedited discovery be and hereby is granted and that the Commission may request documents from and take depositions of parties and non-parties upon oral examination subject to two calendar days notice pursuant to Rules 30(a), 34, and 45 of the Federal Rules of Civil Procedure, that the Commission may take more than one deposition at the same time, that depositions of the Defendants may be taken on any day, including Saturdays and holidays, but excepting Sundays, subject to two calendar days notice, including notice given personally, by facsimile or by electronic mail, and the Commission may take up to ten depositions pending further court order.

**IX.**

IT IS FURTHER ORDERED that Defendants Tuco and Frederick shall, within five days of the date of issuance of this Order, prepare and deliver to the Commission a detailed and complete schedule of all of their assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, commodity futures, and other accounts identified by institution, branch address, and account number.  The accountings shall include a description of the source(s) of all such assets.  Such accountings shall be filed with the Court and copies shall be delivered to the Commission's counsel in this action at the Commission's Los Angeles Regional Office located at 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036.  After completion of the accountings, Defendants Tuco and Frederick shall each produce to the Commission's counsel in this action at the Commission's Los Angeles Regional Office, at a time agreeable to the Commission, all books, records and other documents supporting or underlying their accountings.

**X.**

IT IS FURTHER ORDERED that this Temporary Restraining Order shall expire at five o'clock p.m. on March 19, 2008, unless, for good cause shown, it is extended or unless the parties against whom it is directed consent that it may be extended for a longer period.

**XI.**

IT IS FURTHER ORDERED that at twelve o'clock noon on March 19, 2008, or as soon thereafter as the parties can be heard, the Defendants, and each of them, shall appear before the Honorable Dana M. Sabraw, Judge of the United States District Court for the Southern District of California, to show cause, if there be any, why a preliminary injunction should not be granted and a permanent receiver not appointed in accordance with the prayer for relief contained in this Complaint filed by the Commission.  Any declarations, affidavits, memoranda of law, or other submissions in support of, or in opposition to, the issuance of such an Order shall be filed with the Court and delivered to the Commission's Pacific Regional Office and the offices of the Defendants' attorneys no later than five o'clock p.m. on March 12, 2008.  Any reply papers shall be filed with the Court and delivered to opposing counsel no later than twelve o'clock noon on March 17, 2008.

**XII.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**IT IS SO ORDERED**.

DATED: March 5, 2008

_____
UNITED STATES DISTRICT JUDGE