1  DONALD W. SEARLES, Cal. Bar No. 135705
   SearlesD@sec.gov
2  ROBERTO A. TERCERO, Cal. Bar No. 143760
   TerceroR@sec.gov
3
   Attorneys for Plaintiff
4  Securities and Exchange Commission
   Rosalind R. Tyson, Acting Regional Director
5  Andrew Petillon, Associate Regional Director
   5670 Wilshire Boulevard, 11th Floor
6  Los Angeles, California 90036
   Telephone: (323) 965-3998
7  Facsimile: (323) 965-3908

8

9                    UNITED STATES DISTRICT COURT

10               SOUTHERN DISTRICT OF CALIFORNIA

11

12

13 SECURITIES AND EXCHANGE            Case No.:  08 CV 00400 DMS (BLM)
   COMMISSION,
14                                    CONSENT OF DEFENDANT TUCO TRADING,
                  Plaintiff,          LLC
15
16        vs.

17 TUCO TRADING, LLC, and DOUGLAS G.
   FREDERICK,
18
                  Defendants.
19

20

21

22

23

24

25

26

27

28

                                                              08cv400

1        1.      Defendant Tuco Trading, LLC ("Defendant") acknowledges service of the

2   summons and the complaint in this action, enters a general appearance, and admits the Court's

3   jurisdiction over Defendant and over the subject matter of this action.

4        2.      Without admitting or denying the allegations of the complaint (except as to

5   personal jurisdiction and subject matter jurisdiction, which Defendant admits), Defendant hereby

6   consents to the entry of the Judgment in the form attached hereto (the "Judgment") and

7   incorporated by reference herein, which among other things:

8                a.     permanently restrains and enjoins Defendant from violations of Sections

9                       10(b) and 15(a) of the Securities Exchange Act of 1934 ("Exchange Act"),

10                      15 U.S.C. §§ 78j(b) & 78o(a) and Rule 10b-5 thereunder, 17 C.F.R. §§

11                      240.10b-5.

12               b.     orders Defendant to pay disgorgement, plus prejudgment interest thereon,

13                      in an amount to be determined;

14               c.     orders Defendant to pay a civil penalty in an amount to be determined

15                      under Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

16       3.      Defendant agrees that it shall not seek or accept, directly or indirectly,

17  reimbursement or indemnification from any source, including but not limited to payment made

18  pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

19  pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are

20  added to a distribution fund or otherwise used for the benefit of investors. Defendant further

21  agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any

22  federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Judgment,

23  regardless of whether such penalty amounts or any part thereof are added to a distribution fund

24  or otherwise used for the benefit of investors.

25       4.      Defendant agrees that the Court shall order disgorgement of ill-gotten gains,

26  prejudgment interest thereon, and a civil penalty pursuant to Section 21(d)(3) of the Exchange

27  Act, 15 U.S.C. § 78u(d)(3). Defendant further agrees that the amounts of the disgorgement and

28  civil penalty shall be determined by the Court upon motion of the Commission, and that

1    prejudgment interest shall be calculated from the date of entry of the Judgment, based on the

2    rates set forth in 28 U.S.C. § 1961. Defendant further agrees that in connection with the

3    Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a

4    motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities

5    laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or

6    the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall

7    be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised

8    in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or

9    investigative testimony, and documentary evidence, without regard to the standards for summary

10   judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with

11   the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery,

12   including discovery from appropriate non-parties.

13       5.      Defendant agrees that the Court shall enter additional orders, in the form set forth

14   in the Judgment: (a) freezing Tuco's assets; (b) appointing a permanent receiver over Tuco; (c)

15   requiring Defendant to cooperate with and to pays the fees, costs and expenses of the permanent

16   receiver; (d) limiting the permanent receiver's liability for any loss or damage incurred by any of

17   the Defendants as a result of any act or omission of the permanent receiver; (e) granting the

18   Commission continuing access to the books and records of Defendant; and (f) prohibiting the

19   destruction of documents.

20       6.      Defendant waives the entry of findings of fact and conclusions of law pursuant to

21   Rule 52 of the Federal Rules of Civil Procedure.

22       7.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of

23   the Judgment.

24       8.      Defendant enters into this Consent voluntarily and represents that no threats,

25   offers, promises, or inducements of any kind have been made by the Commission or any

26   member, officer, employee, agent, or representative of the Commission to induce Defendant to

27   enter into this Consent.

28

9.     Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

10.    Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11.    Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

12.    Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

13.    Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction

-3-

08cv400

1    while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In

2    compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to

3    be made any public statement denying, directly or indirectly, any allegation in the complaint or

4    creating the impression that the complaint is without factual basis; and (ii) that upon the filing of

5    this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they

6    deny any allegation in the complaint. If Defendant breaches this agreement, the Commission

7    may petition the Court to vacate the Judgment and restore this action to its active docket.

8    Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take

9    legal or factual positions in litigation or other legal proceedings in which the Commission is not

10    a party.

11        14.      Defendant hereby waives any rights under the Equal Access to Justice Act, the

12    Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

13    seek from the United States, or any agency, or any official of the United States acting in his or

14    her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

15    expenses, or costs expended by Defendant to defend against this action. For these purposes,

16    Defendant agrees that Defendant is not the prevailing party in this action since the parties have

17    reached a good faith settlement.

18        15.      In connection with this action and any related judicial or administrative

19    proceeding or investigation commenced by the Commission or to which the Commission is a

20    party, Defendant: (i) agrees to appear and be interviewed by Commission staff at such times and

21    places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile

22    transmission of notices or subpoenas issued by the Commission for documents or testimony at

23    depositions, hearings, or trials, or in connection with any related investigation by Commission

24    staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices

25    and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on

26    service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local

27    rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and

28    subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to

1  personal jurisdiction over Defendant in any United States District Court for purposes of

2  enforcing any such subpoena.

3       16.     Defendant agrees that the Commission may present the Judgment to the Court for

4  signature and entry without further notice.

5       17.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

6  purpose of enforcing

7

8  Dated: ___3/14/08___           Tuco Trading, LLC

9                               By:

10                               Douglas G. Frederick
                               Managing Member of Tuco Trading, LLC

11                               909 Prospect Street, Suite 224
                               La Jolla, CA 92037

12

13  State of California

14  County of San Diego

15                           Robert Brown, a Notary Public

16  On 3/14/08 ___ before me, (here insert name and title of the officer), personally appeared
   Douglas G. Frederick _____, who proved

17  to me on the basis of satisfactory evidence to be the person whose name is subscribed to the

18  within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, executed the instrument.

19  I certify under PENALTY OF PERJURY under the laws of the State of California that the

20  foregoing paragraph is true and correct.

21  WITNESS my hand and official seal.

22  Signature _Robert Brown_        (Seal)

                                       ROBERT BROWN
                                       Comm. # 1546794
                                    NOTARY PUBLIC-CALIFORNIA
                                     San Diego County
                                  My Comm. Expires Jan. 23, 2009

23  Approved as to form:

24

25  J. Stephen Young

26  Michele R. Fron
     Keesal, Young and Logan

27  400 Oceangate, P.O. Box 1730
     Long Beach, CA 90801-1730

28  Telephone: (562) 436-2000

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   SECURITIES AND EXCHANGE              Case No. 08 CV 00400 DMS (BLM)
     COMMISSION,
12                                         JUDGMENT AS TO DEFENDANTS TUCO TRADING,
                                           LLC AND DOUGLAS G. FREDERICK AND
                   Plaintiff,
13                                         ORDERS:  (1) FREEZING TUCO'S ASSETS; (2)
                                           APPOINTING A PERMANENT RECEIVER OVER
14           vs.                           TUCO; AND (3) PROHIBITING THE DESTRUCTION
                                           OF DOCUMENTS
15
16   TUCO TRADING, LLC and
     DOUGLAS G. FREDERICK,
17
                   Defendants.
18

19

20          This matter came to be heard upon the Joint Motion ("Joint Motion") for Judgment as to

21   Defendants Tuco Trading, LLC ("Tuco") and Douglas G. Frederick ("Frederick") and Orders:

22   (1) Freezing Tuco's Assets; (2) Appointing a Permanent Receiver over Tuco; and (3) Prohibiting

23   the Destruction of Documents ("Judgment"), which was filed by Plaintiff Securities and

24   Exchange Commission ("Commission"), Defendant Tuco, and Defendant Frederick (collectively

25   the "Parties").

26          The Court, having considered the Parties' Joint Motion and the Consents of Defendants

27   Tuco and Frederick (collectively "Consents"); the Commission having filed a Complaint and

28   Defendants Tuco and Frederick (collectively "Defendants") having entered a general appearance;

EXHIBIT __-1-_/_ PAGE __6__                          08cv400

1   Defendants having consented to the Court's jurisdiction over Defendants and the subject matter

2   of this action; Defendants having consented to entry of this Judgment without admitting or

3   denying the allegations of the Complaint (except as to jurisdiction); Defendants having waived

4   findings of fact and conclusions of law; and Defendants having waived any right to appeal from

5   this Judgment:

6                                              **I.**

7          IT IS HEREBY ORDERED that the Parties' Joint Motion for Judgment as to Defendants

8   Tuco Trading, LLC and Douglas G. Frederick and Orders:  (1) Freezing Tuco's Assets; (2)

9   Appointing a Permanent Receiver over Tuco; and (3) Prohibiting the Destruction of Documents

10  is GRANTED.

11                                             **II.**

12         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and their

13  subsidiaries, affiliates, officers, agents, servants, employees and attorneys, and those persons in

14  active concert or participation with any of them, who receive actual notice of this Judgment, by

15  personal service or otherwise, and each of them, be and hereby are permanently restrained and

16  enjoined from violating Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act")

17  [15 U.S.C. § 78o(a)] by making use of the mails or any means or instrumentality of interstate

18  commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of,

19  any security, without being registered as a broker or dealer in accordance with Section 15(b) of

20  the Exchange Act ]15 U.S.C. § 78o(b)].

21                                            **III.**

22         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants, and their

23  subsidiaries, affiliates, officers, agents, servants, employees and attorneys, and those persons in

24  active concert or participation with any of them, who receive actual notice of this Judgment, by

25  personal service or otherwise, and each of them, be and hereby are permanently restrained and

26  enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by

27  the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility

28  of any national securities exchange:

EXHIBIT _____/_____ PAGE _____7_____    08cv400

A.    employing any device, scheme or artifice to defraud;

B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C.    engaging in any practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from the date of entry of the Judgment, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income taxes as set forth in 28 U.S.C. § 1961. In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that either Tuco or Frederick did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

///

///

///

- 3 -

EXHIBIT ___1___ PAGE ___8___ 08cv400

**V.**

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents of
2  Defendants are incorporated herein with the same force and effect as if fully set forth herein, and
3  that Defendants shall comply with all of the undertakings and agreements set forth therein.

**VI.**

4    IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendant
5  Tuco and its subsidiaries, affiliates, officers, agents, servants, employees and attorneys, and those
6  persons in active concert or participation with any of them, who receive actual notice of this
7  Judgment, by personal service or otherwise, and each of them, be and hereby are preliminarily
8  restrained and enjoined from, directly or indirectly, transferring, assigning, selling,
9  hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or
10 otherwise disposing of, in any manner, any funds, assets, equities, claims, negotiable
11 instruments, or other real or personal property, wherever located, of Defendant Tuco, whether
12 owned by, controlled by, managed by or in the possession or custody of any of them, and from
13 transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit
14 card or credit arrangement, of Defendant Tuco.

**VII.**

15   IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an
16 immediate freeze shall be placed on all monies and assets in all accounts at any bank, financial
17 institution, or brokerage firm, all certificates of deposit, and other funds or assets, held in the
18 name of, for the benefit of, or over which signatory authority is held by Tuco, and its
19 subsidiaries, affiliates, officers, agents, servants, employees or attorneys or any persons in active
20 concert or participation with any of them, including, but not limited to, the accounts set forth
21 below:

| **Bank/ Entity Name** | **Account Name** | **Account Number(s)** |
|---|---|---|
| GLB Trading, Inc. | Tuco Trading LLC Master Account of YU31 | 2131-4075 |

- 4 -

EXHIBIT ___1___ PAGE ___9___    08cv400

| Bank/ Entity Name | Account Name | Account Number(s) |
|---|---|---|
| GLB Trading, Inc. | Tuco Trading LLC Sub-Account #1 of 21314075 | 2132-0155 |
| GLB Trading, Inc. | Tuco Trading, LLC | 2131-7813 |
| JP Morgan Chase Bank | Tuco Trading LLC Operating Account | 000000722923067 |
| JP Morgan Chase Bank | Tuco Trading LLC Tuco Wire Account | 000000722923075 |
| Wedbush Financial | Tuco Trading LLC c/o Doug Frederick | 8244-9330 |
| Wedbush Financial | Tuco Trading LLC Income and Expense Account | 8244-9331 |
| Evolution Financial | Tuco Trading LLC | 1153-2603 |
| View Trade | Tuco Trading LLC | 4936-3559 |
| MF Global, Inc. | Tuco Trading LLC | E-480-HSP1-SP404 |
| Advantage Futures, LLC | Tuco Trading LLC-Mstr | MH006-A0535 |

## VIII.

IT IS FURTHER ORDERED that Thomas F. Lennon is appointed as permanent receiver of Tuco, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, accounts, equities, negotiable instruments, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, belonging to, being managed by, or in the possession of or control of Tuco and its subsidiaries and affiliates, and that such permanent receiver is immediately authorized, empowered and directed:

///

EXHIBIT ___1___ PAGE _10_

08cv400

A.     to have access to and to collect and take custody, control, possession, and charge of all funds, assets, accounts, equities, negotiable instruments, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, belonging to, being managed by, or in the possession of or control of Tuco and its subsidiaries and affiliates, with full power to sue, foreclose, marshal, sell, liquidate, trade, collect, receive, and take into possession all such property;

B.     to have control of, and to be added as the sole authorized signatory for, all accounts of Tuco and its subsidiaries and affiliates, including all accounts over which Tuco and any of its subsidiaries, affiliates, officers, agents, servants, employees or attorneys have signatory authority, at any bank, financial institution, or brokerage firm (including, but not limited to GLB Trading, Inc.) which has possession, custody, or control of any assets or funds of Tuco or which maintains accounts over which Tuco and/or any of its officers, agents, servants, employees or attorneys have signatory authority;

C.     to conduct such investigation and discovery as may be necessary to locate and account for all of the assets belonging to, being managed by, or in the possession of or control of Tuco and its subsidiaries and affiliates, and to engage and employ attorneys, accountants, and other persons to assist in such investigation and such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets belonging to, being managed by, or in the possession of or control of Tuco or any of its subsidiaries or affiliates;

D.     to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets belonging to, being managed by, or in the possession of or control of Tuco and its subsidiaries and affiliates;

///

- 6 -

EXHIBIT _____ 1 _____ PAGE _____ 11 _____

08cv400

E.    to make an accounting, as soon as practicable, to this Court and the Commission of the assets and financial condition of Tuco and the assets being managed by, or in the possession of or control of Tuco and its subsidiaries and affiliates;

F.    to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him or her, and to incur, or authorize the making of such agreements as may be necessary and advisable in discharging his or her duties as permanent receiver;

G.    to employ attorneys, accountants, and others to investigate, advise and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature that may now or hereafter exist as a result of the activities of present or past officers, agents, servants or employees of Tuco;

H.    to have access to and monitor all mail of Tuco in order to review such mail that he or she deems relevant to the business of Tuco and the discharging of his or her duties as permanent receiver; and

I.    to exercise all of the lawful powers of Tuco and its subsidiaries, affiliates, officers, directors, employees, representatives, or persons who exercise similar powers and perform similar duties.

## IX.

IT IS FURTHER ORDERED that Defendants and their subsidiaries, affiliates, officers, agents, servants, employees, and attorneys, and any other persons who are in custody, possession, or control of any assets, negotiable instruments, equities, collateral, books, records, papers, notes, deeds of trust, and other interests in real property, or other property of, or managed by, Tuco (including, but not limited to, GLB Trading, Inc.) shall forthwith give access to and control of such property to the permanent receiver.

## X.

IT IS FURTHER ORDERED that no subsidiary, affiliate, officer, member, agent, servant, employee, or attorney of Defendant Tuco, shall take any action or purport to take any

EXHIBIT _____ / _____ PAGE _12_     08cv400

1  action, in the name of or on behalf of Tuco, without the written consent of the permanent

2  receiver or order of this Court.

3  **XI.**

4      IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of

5  this receivership, all clients, members, investors, trust beneficiaries, note holders, creditors,

6  claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity,

7  from Tuco, and all persons acting on behalf of any such client, member, investor, trust

8  beneficiary, note holder, creditor, claimant, lessor, or other person, including sheriffs, marshals,

9  servants, agents, employees, and attorneys, are hereby preliminarily restrained and enjoined

10  from, directly or indirectly, with respect to Tuco:

11      A.    commencing, prosecuting, continuing, or enforcing any suit or proceeding (other

12          than the present action by the Commission) against Tuco;

13      B.    using self-help or executing or issuing or causing the execution or issuance of any

14          court attachment, subpoena, replevin, execution, or other process for the purpose

15          of impounding or taking possession of or interfering with or creating or enforcing

16          a lien upon any property or property interests owned by or in the possession of

17          Tuco, wherever situated; and

18      C.    doing any act or thing whatsoever to interfere with taking control, possession, or

19          management by the permanent receiver appointed hereunder of the property and

20          assets owned, controlled or in the possession of Tuco, or in any way to interfere

21          with or harass the permanent receiver, or his attorneys, accountants, employees, or

22          agents or to interfere in any manner with the discharge of the permanent receiver's

23          duties and responsibilities hereunder.

24  **XII.**

25      IT IS FURTHER ORDERED that Defendants, and their subsidiaries, affiliates, officers,

26  agents, servants, employees, and attorneys, shall cooperate with and assist the permanent

27  receiver, his attorneys, accountants, employees, and agents and shall take no action, directly or

28  indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver, and his or her

1 | attorneys, accountants, employees, or agents in the conduct of the permanent receiver's duties or
2 | to interfere in any manner, directly or indirectly, with the custody, possession, management, or
3 | control by the permanent receiver of the funds, assets, negotiable instruments, collateral,
4 | premises, and choses in action described above.

5 | **XIII.**

6 | IT IS FURTHER ORDERED that Defendants shall pay the costs, fees, and expenses of
7 | the permanent receiver incurred in connection with the performance of his or her duties
8 | described in this Judgment, including the costs and expenses of those persons who may be
9 | engaged or employed by the permanent receiver to assist him or her in carrying out his or her
10 | duties and obligations.  All applications for costs, fees and expenses for services rendered in
11 | connection with the permanent receivership other than routine and necessary business expenses
12 | in conducting the permanent receivership, such as salaries, rent, and any and all other reasonable
13 | operating and liquidating expenses, shall be made by application setting forth in reasonable detail
14 | the nature of the services and shall be heard by the Court.

15 | **XIV.**

16 | IT IS FURTHER ORDERED that no bond shall be required in connection with the
17 | appointment of the permanent receiver.  Except for an act of gross negligence, the permanent
18 | receiver shall not be liable for any loss or damage incurred by any of the Defendants, their
19 | officers, agents, servants, employees, and attorneys or any other person, by reason of any act
20 | performed or omitted to be performed by the permanent receiver in connection with the
21 | discharge of his duties and responsibilities.  In particular, the permanent receiver shall not be
22 | liable for any losses incurred in connection with any of the sub-accounts held by Defendants
23 | arising out of or related to the permanent receiver's work hereunder, including, but not limited
24 | to, losses from either the sale or failure to sell securities or delays in the sale of securities during
25 | the course of the permanent receiver's term.

26 | **XV.**

27 | IT IS FURTHER ORDERED that representatives of the Commission are authorized to
28 | have continuing access to inspect or copy any or all of the corporate books and records and other

- 9 -

1 | documents of Tuco, and their subsidiaries and affiliates, and continuing access to inspect their
2 | funds, property, assets, equities, negotiable instruments, and collateral, wherever located.

### XVI.

4 | IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants
5 | and their subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and those
6 | persons in active concert or participation with any of them, who receive actual notice of this
7 | Judgment, by personal service or otherwise, and each of them, be and hereby are preliminarily
8 | restrained and enjoined from, directly or indirectly:  destroying, mutilating, concealing,
9 | transferring, altering, or otherwise disposing of, in any manner, any documents, which includes
10 | all books, records, computer programs, computer files, computer printouts, correspondence,
11 | memoranda, brochures, or any other documents of any kind in their possession, custody, or
12 | control, however created, produced, or stored (manually, mechanically, electronically, or
13 | otherwise), pertaining in any manner to Defendants.

### XVII.

15 | IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain
16 | jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

### XVIII.

18 | There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil
19 | Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

21 | IT IS SO ORDERED.
22 | DATED: March _____, 2008

_____
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Pursuant to CivLR 5.2, I hereby certify that I am a member of the bar of this Court and

that, on March 14, 2008, I served by e-mail the following document – Consent of Defendant

Tuco Trading, LLC – upon the following individuals at the e-mail addresses below:

| Counsel to Defendants Tuco Trading, LLC and Douglas G. Frederick | Counsel to Receiver Thomas F. Lennon |
|---|---|
| J. Stephen Young<br>Michele R. Fron<br>Audette Paul Morales<br>Keesal, Young & Logan<br>400 Oceangate, P.O. Box 1730<br>Long Beach, CA 90802-1730<br>T/562-436-2000 (General)<br>F/562-436-7416<br>E/steve.young@kyl.com<br>E/michele.fron@kyl.com<br>E/audette.morales@kyl.com | David Osias<br>Deb Riley<br>Ted Fates<br>Allen Matkins Leck Gamble<br>  Mallory & Natsis LLP<br>501 W. Broadway, 15th Floor<br>San Diego, CA 92101-1158<br>T/619-233-1155<br>F/619-233-1158<br>E/dosias@allenmatins.com<br>E/driley@allenmatkins.com<br>E/tfates@allenmatkins.com |

Dated:  March 14, 2008

/s/ Roberto A. Tercero
Roberto A. Tercero
Attorney for Plaintiff
Securities and Exchange Commission

08cv400