DAVID L. OSIAS (BAR NO. 091287)
DEBRA A. RILEY (BAR NO. 151925)
TED FATES (BAR NO. 227809)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Fax: (619) 233-1158
E-Mail: dosias@allenmatkins.com
        driley@allenmatkins.com
        tfates@allenmatkins.com

Attorneys for Permanent Receiver Thomas F. Lennon

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TUCO TRADING, LLC and DOUGLAS G. FREDERICK,<br><br>　　　　Defendants. | Case No. 08-CV-0400 DMS (BLM)<br><br>**RECEIVER'S EX PARTE APPLICATION FOR ORDER APPROVING SALE OF OFFICE FURNITURE AND EQUIPMENT; DECLARATION OF TED FATES IN SUPPORT THEREOF** |

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

696412.01/SD

Thomas F. Lennon ("Receiver"), Court-appointed permanent receiver for Tuco Trading, LLC ("Tuco"), applies for an order approving the sale of office furniture and equipment (the "Equipment") of Tuco. The Receiver has had the Equipment appraised by an experienced, independent appraiser and auctioneer. The appraised value is $18,000. Defendant Douglas Frederick has offered to purchase the Equipment for $21,000. The Equipment must be sold promptly in order to prevent the estate from having to incur moving and storage costs. The proposed sale will avoid these costs as well as the costs of advertising and auctioning the Equipment. Accordingly, the Receiver requests an order approving the sale to Mr. Frederick.

## I.   BACKGROUND FACTS

On March 4, 2008, the Securities and Exchange Commission ("SEC") filed its Complaint and Ex Parte Motion for Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Appointing a Temporary Receiver; (3) Requiring Accountings; (4) Prohibiting the Destruction of Documents, (5) Granting Expedited Discovery; and (6) Order to Show Cause re Preliminary Injunction and Appointment of a Permanent Receiver. On March 5, 2008, the Court issued a Temporary Restraining Order and Orders: (1) Appointing a Temporary Receiver; (2) Requiring Accountings; (3) Prohibiting the Destruction of Documents, (4) Granting Expedited Discovery; and (5) Order to Show Cause re Preliminary Injunction and Appointment of a Permanent Receiver ("TRO"). The Receiver, the SEC and the Defendants sought clarification of the TRO, which was provided in the Court's Supplement to the TRO ("Supplement"), entered on March 6, 2008.

On March 14, 2008, the SEC filed the Consents of Tuco and Frederick, and a Joint Motion for Judgment of Permanent Injunction and Orders: (1) Freezing Tuco's Assets, (2) Appointing a Permanent Receiver for Tuco; and (3) Prohibiting the Destruction of Documents ("Judgment"). The Court entered the Judgment on March 17, 2008.

On March 19, 2008, in response to the Receiver's application, the Court entered an Order in Aid of Receivership: (1) Allowing Notice by Email to Members; (2) Providing that Commissions Earned or Payable to Mr. Frederick are Property of the Receivership Estate; (3) Authorizing the Receiver to Enter into a Temporary Transaction with GLB Trading, Inc.; and (4) Granting Ancillary Relief.

Since his appointment, the Receiver, with the assistance of his professionals, has been working diligently to secure the assets of Tuco, review and analyze bank account and brokerage account records, reconcile the books and records of the company, investigate potential claims, resolve potential disputes, disseminate information to Tuco's members and creditors, and respond to member and creditor inquiries.

**The Equipment**

Tuco's primary offices are located at 909 Prospect Street, Suite 224, La Jolla, California. Tuco subleased office space in Dallas and Chicago. In order to minimize administrative expenses, the Receiver has given notice to the respective landlords at the La Jolla, Dallas and Chicago offices, informing them that Tuco will be terminating the leases and vacating the spaces no later than May 10, 2008.

The Equipment at the offices includes furniture, computers, monitors, servers,[1] printers, a scanner/copier, televisions and certain appliances. Some of this Equipment has been used by the Receiver in gathering data required for forensic accounting purposes.

The Receiver hired McCormack Auction Company ("McCormack") to appraise the Equipment. McCormack has more than 30 years experience in the appraisal and auctioneering business in Southern California. McCormack appraised the Equipment at $18,000. McCormack also advised the Receiver that advertising and auctioning the Equipment would cost approximately $4,000. The letter from McCormack is attached hereto as Exhibit A.

**The Sale**

Mr. Frederick offered to purchase the Equipment from Tuco for a purchase price of $21,000. In light of the modest value of the Equipment, the need to close the offices as soon as possible, and the expense of advertising and auctioning the Equipment, the Receiver believes that the sale of the Equipment to Mr. Frederick is in the best interests of the receivership estate. The Receiver contends that Mr. Frederick's offer, which is $3,000 higher than the appraised value, with minimal expense to the estate, represents the highest and best price for the Equipment.

---

[1] The servers, which have been used to support the Tuco back office accounting system, will be wiped and turned over without Tuco-related data on them.

The Receiver provided a draft of this application to the SEC before it was filed. The SEC informed the Receiver's counsel that it does not oppose the relief requested.

## II.   ARGUMENT

"The power of a district court to impose a receivership or grant other forms of ancillary relief does not in the first instance depend on a statutory grant of power from the securities laws. Rather, the authority derives from the inherent power of a court of equity to fashion effective relief." SEC v. Wencke, 622 F.2d 1363, 1369 (9th Cir. 1980). The "primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." SEC v. Hardy, 803 F.2d 1034, 1038 (9th Cir 1986).

District courts have the broad power of a court of equity to determine the appropriate action in the administration and supervision of an equity receivership. See SEC v. Capital Consultants, LLC, 397 F.3d 733, 738 (9th Cir. 2005). The Ninth Circuit explained:

> A district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad. The district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership. The basis for this broad deference to the district court's supervisory role in equity receiverships arises out of the fact that most receiverships involve multiple parties and complex transactions. A district court's decision concerning the supervision of an equitable receivership is reviewed for abuse of discretion.

Id. (citations omitted); see also Commodities Futures Trading Comm'n. v. Topworth Int'l, Ltd.; 205 F.3d 1107, 1115 (9th Cir. 1999) ("This court affords 'broad deference' to the court's supervisory role, and 'we generally uphold reasonable procedures instituted by the district court that serve th[e] purpose' of orderly and efficient administration of the receivership for the benefit of creditors.").

The Ninth Circuit has confirmed a district court's broad authority to approve a sale of assets under the control of a federal equity receiver. SEC v. American Capital Investments, Inc., 98 F.3d 1133, 1143-1145 (9th Cir. 1996) abrogated on other grounds by Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998); Gockstetter v. Williams, 9 F.2d 354, 357 (9th Cir. 1925) ("In authorizing the sale of property by receivers, courts of equity are vested with a broad discretion as to price and terms."); see also Mellen v. Moline Malleable Iron Works, 131 U.S. 352

(1889) (under its general equity authority, the court has the power to order a sale of property); Broadway Trust v. Dill, 17 F.2d 486 (3d Cir. 1927) (in a receivership proceeding, the court has both the power and jurisdiction to order a sale of the property).

Here, the proposed sale to Mr. Frederick represents the highest and best price for the Equipment. The purchase price is $3,000 higher than the appraised value. The estate will not incur the expense of advertising and auctioning the Equipment, which would consume a substantial portion of the value. The Equipment must also be sold promptly in order to avoid moving and storage expenses. Accordingly, the proposed sale is in the best interests of the receivership estate and its creditors.

### III. CONCLUSION

Based on the foregoing, the Receiver requests entry of an order approving a sale of the Equipment to Mr. Frederick for $21,000, and granting such other relief as the Court deems just and proper.

Dated: May 1, 2008

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By:/s/ Ted Fates
TED FATES
Attorneys for Permanent Receiver Thomas F. Lennon

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

696412.01/SD
-4-
Case No. 08-CV-0400 DMS (BLM)

## DECLARATION OF TED FATES

I, Ted Fates, declare as follows:

1. I am an attorney at Allen Matkins Leck Gamble Mallory & Natsis LLP, counsel to Thomas F. Lennon ("Receiver"), permanent receiver for Tuco Trading, LLC, its subsidiaries and affiliates ("Tuco"). I make this declaration in support the Receiver's Ex Parte Application for Order Approving Sale of Office Furniture and Equipment. If called upon to testify, I would testify competently to the facts set forth in this declaration.

2. I provided a draft of this ex parte application to counsel for the SEC before it was filed. Mr. Searles of the SEC informed me that the SEC does not oppose the relief requested.

3. Notice of this ex parte application and the relief requested has been sent by e-mail this date to all Tuco Members.

4. This ex parte application is also being served upon all known Tuco creditors as shown on the attached Service List.

5. This ex parte application will also be available at the Receiver's website, www.tflinc.com/cases_tuco.html.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 1, 2008, at San Diego, California.

/s/ Ted Fates
TED FATES



Asset Liquidation & Appraisal

April 30, 2008

Laura Guzman
Thomas F Lennon Inc.
7777 Alvarado Rd, Suite 712
La Mesa, CA 91941

RE: Tuco Trading, LLC

Dear Mrs. Guzman,

In accordance with your request, we had the opportunity to visit the Tuco offices located in La Jolla, California and view the subject equipment. The equipment located at other offices was not viewed in person. However, a detailed description was provided. In my professional opinion, I believe $18,000 to be a reasonable estimate of the value of the equipment. I have enclosed a CD of photographs to include for your file.

If you would like us to conduct a sale of the subject assets, we are willing and able. This can be accomplished for a commission of 10% of gross sales, plus marketing and moving costs. Expenses for moving and marketing are estimated at $2000.

It is a pleasure to be of service, if you have any questions please contact me.

Regards,

Josh McCormack

Exhibit A
Page 1 of 1

743 El Cajon Boulevard, El Cajon, California 92020-4905   619.447.1196   fax 619.447.9358
www.mccormackauction.com • e-mail: mcauction@mccormackauction.com

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss.:
COUNTY OF SAN DIEGO    )

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 501 West Broadway, 15th Floor, San Diego, California 92101-3541.

On May 1, 2008, I served the document(s) described as: **RECEIVER'S EX PARTE APPLICATION FOR ORDER APPROVING SALE OF OFFICE FURNITURE AND EQUIPMENT; DECLARATION OF TED FATES IN SUPPORT THEREOF**

on the interested parties in this action by

__X__ placing the true copies thereof enclosed in a sealed envelope(s) addressed as stated on the attached Service List.

__X__ By mail: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__X__ By electronic mail: I caused the document to be e-mailed to the e-mail address of the addressee as stated on the attached Service List.

_____ By facsimile transmission from facsimile machine telephone number (619) 233-1158. The document was transmitted by facsimile transmission and the transmission was reported as complete and without error.

_____ By personal service: I caused the document to be delivered by hand to the office of the addressee.

_____ By Federal Express or other overnight delivery service, for delivery on the next business day.

Executed on May 1, 2008, at San Diego, California. I declare under penalty of perjury that the above is true and correct.

__X__ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Anne Perry
(Type or print name)                    (Signature)

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

696412.01/SD                -6-                Case No. 08-CV-0400 DMS (BLM)

**SERVICE LIST**

*By E-mail and U.S. First Class Mail:*

| | |
|---|---|
| Donald W. Searles, Esq.<br>Roberto A. Tercero, Esq.<br>Securities and Exchange Commission<br>5670 Wilshire Boulevard, 11th Floor<br>Los Angeles, CA 90036-3648<br>Telephone: (313) 965-3998<br>Facsimile: (323) 965-3908<br>E-mail:  searlesd@sec.gov<br>            terceror@sec.gov | Attorneys for Securities and Exchange Commission |
| Daniel G. Viola, Esq.<br>Dennis R. Hirsch, Esq.<br>Sadis & Goldberg LLP<br>551 Fifth Avenue, 21st Floor<br>New York, NY 10176<br>Telephone: (212) 573 8038<br>E-mail:  dviola@sglawyers.com<br>            drhirsch@sglawyers.com | Attorneys for Defendant Douglas G. Frederick |
| J. Stephen Young, Esq.<br>Audette Paul Morales, Esq.<br>Michele R. Fron, Esq.<br>Keesal Young & Logan<br>400 Oceangate, Second Floor<br>Long Beach, CA 90802-1730<br>Telephone:  (562) 436-2000<br>Facsimile:  (562) 436-7416<br>E-mail:  steve.young@kyl.com<br>            audette.morales@kyl.com<br>            michele.fron@kyl.com | Former Attorneys for Defendant Douglas G. Frederick |

# Tuco Creditors

*By U.S. First Class Mail:*

| | |
|---|---|
| Sterling Financial Systems, Inc.<br>225 W. Washington Street, Ste. 1014<br>Chicago, IL 60606 | Sprint<br>PO Box 79357<br>City of Industry, Ca 91716-9357 |
| ACTIV Financial Systems, Inc.<br>1607 East Taft Avenue, Suite 101<br>Wheaton, IL 60187 | DAS<br>Attn: Karen Gentile<br>1717 Route 6<br>Carmel, Ny 10512 |
| Woncey Inc.<br>Attn: Tom Wilbeck<br>2735 N. Lincoln #2S<br>Chicago, Illinois 60614 | AT&T<br>P.O. Box 78230<br>San Francisco, CA 94107 |
| Justin Brewer<br>1730 N. Clark Street #1609<br>Chicago, Illinois 60614 | Culligan<br>NW 5120, P.O. Box 1450<br>Minneapolis, MN 55485-5120 |
| Dave Halperin<br>1720 Post Rd. East #111<br>Westport, Ct 06880 | Time Warner<br>8949 Ware Court<br>San Diego, CA 92121-2275 |
| Torc<br>2 Rector Street, 17th Floor<br>New York, NY 10006 | National Regulatory Services<br>33443 Treasury Center<br>Chicago, IL 60694-3400 |
| Lightspeed<br>Attn: Steven Gatti, Esq.<br>Clifford Chance<br>2001 K Street NW<br>Washington, DC 20006-1001 | Next Level<br>P.O. Box 502661<br>San Diego, CA 92150-2661 |
| Foster, Kallen, and Smith<br>Attn: Chester H. Foster, Jr.<br>3825 W. 192nd Street<br>Homewood, IL 60430 | Prospect Plaza Holdings, LLC<br>625 Broadway, Suite 915<br>San Diego, Ca. 92101 |
| ADT<br>P.O. Box 371956<br>Pittsburgh, PA 15250-7956 | Carol Billie Oshana<br>Basile Law Firm<br>180 N LaSalle, Suite 1450<br>Chicago, IL 60601 |

## PROOF OF SERVICE BY E-MAIL ON TUCO MEMBERS

STATE OF CALIFORNIA      )
                         ) ss.:
COUNTY OF SAN DIEGO      )

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 501 West Broadway, 15th Floor, San Diego, California 92101-3541.

On May 1, 2008, I caused to be served on all known Tuco Members the document described as:

**RECEIVER'S EX PARTE APPLICATION FOR ORDER APPROVING SALE OF OFFICE FURNITURE AND EQUIPMENT; DECLARATION OF TED FATES IN SUPPORT THEREOF**

by electronic mail direct to all known Tuco Members in the Receiver's database for this case. No list of names or e-mail addresses is provided herewith due to confidentiality issues; such list will be provided to the Court upon request.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on May 1, 2008, at San Diego, California.

_____          _____
        Anne Perry                              (Signature)
    (Type or print name)