

NAME AND ADDRESS OF ATTORNEY

Sadis & Goldberg LLP
Dennis R. Hirsch, Esq.
50 California Street, Suite 2320
San Francisco, CA 94111

PHONE: (415) 490-0561

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

TRIAL JUDGE Dana M. Sabraw

COURT REPORTER LeeAnn Pence

SECURITIES AND EXCHANGE COMMISSION,

CIVIL NO. 08 CV 00400 DMS (BLM)

(Appellant/Appellee)   Plaintiff

vs

TUCO TRADING, LLC and
DOUGLAS G. FREDERICK,

NOTICE OF APPEAL   (Civil)

(Appellant/Appellee)   Defendant

Notice if hereby given that Appellants Tuco Trading, LLC and Douglas G. Frederick

Plaintiff ___ **x** ___ Defendant above named, hereby appeals to the United States Court of Appeals for the: (check appropriate box)

___ **x** ___ Ninth Circuit         Federal Circuit

from the: (check appropriate box)

___ **x** ___ Final Judgment         Order (describe)

entered in this proceeding on the ___17___ day of March, 20 08.

Transcripts required  **x** Yes   No.

Date civil complaint filed: 3/4/08

Date: 5/15/08

Signature  DENNIS HIRSCH

::ODMA\PCDOCS\WORDPERFECT\17861\1 May 5, 1999 (10:03am)

ORIGINAL

## CERTIFICATE OF SERVICE

STATE OF NEW YORK     }
                     } ss.:
COUNTY OF NEW YORK    }

I, Patricia Green, am employed as a paralegal at the law firm of Sadis & Goldberg LLP, with locations at 551 Fifth Avenue, 21st Floor, New York, New York 10176 and 50 California Street, Suite 2320, San Francisco, CA 94111 and employed in the firm of a member of the bar of this court at whose direction the service was made. I am over the age of 18 and not a party to this action. I declare under penalty of perjury that the foregoing and following is true and correct that on May 15, 2008; I served copies and filed an original of the annexed **NOTICE OF APPEAL** via email and first class mail to the persons listed below accordingly:

Rosalind R. Tyson, Acting Regional Director
Andrew Petillon, Associate Regional Director
Donald W. Searles, Esq.
searlesd@sec.gov
Roberto A. Tercero, Esq.
terceror@sec.gov
Los Angeles Regional Office
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90036-3648
Tel: (323) 965-3998
Fax: (323) 965-3908
Served copies via email and Federal Express.
Attorneys for Plaintiff / Appellee

David L. Osias, Esq.
dosias@allenmatkins.com
Ted Fates, Esq.
tfates@allenmatkins.com
Allen Matkins Leck Gamble Mallaroy & Natsis LLP
501 West Broadway, 15th Floor
San Diego, CA 92101-3541
Tel: (619) 233-1155
Fax: (619) 233-1158
Attorneys for Receiver Thomas F. Lennon

Thomas F. Lennon, President
Thomas F. Lennon, Inc.
tlennon@tflinc.com
7777 Alvarado Road, Suite 712
La Mesa, CA 91941
Tel: (619) 668-6680
Fax: (619) 465-9288

Dated: New York, New York
       May 15, 2008

_____
Patricia Green, Paralegal

Sworn to before me May 15, 2008.

_____
Notary Public

MICHAEL CRESPO
Commissioner of Deeds, City of New York
No. 3-6865
Cert. Filed in New York County
Commission Expires Sept. 26, 20__

{00117429.DOC}

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TUCO TRADING, LLC and DOUGLAS G. FREDERICK,<br><br>Defendants. | Case No. 08 CV 00400 DMS (BLM)<br><br>JUDGMENT AS TO DEFENDANTS TUCO TRADING, LLC AND DOUGLAS G. FREDERICK AND ORDERS: (1) FREEZING TUCO'S ASSETS; (2) APPOINTING A PERMANENT RECEIVER OVER TUCO; AND (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS |

This matter came to be heard upon the Joint Motion ("Joint Motion") for Judgment as to Defendants Tuco Trading, LLC ("Tuco") and Douglas G. Frederick ("Frederick") and Orders: (1) Freezing Tuco's Assets; (2) Appointing a Permanent Receiver over Tuco; and (3) Prohibiting the Destruction of Documents ("Judgment"), which was filed by Plaintiff Securities and Exchange Commission ("Commission"), Defendant Tuco, and Defendant Frederick (collectively the "Parties").

The Court, having considered the Parties' Joint Motion and the Consents of Defendants Tuco and Frederick (collectively "Consents"); the Commission having filed a Complaint and Defendants Tuco and Frederick (collectively "Defendants") having entered a general appearance;

Defendants having consented to the Court's jurisdiction over Defendants and the subject matter of this action; Defendants having consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); Defendants having waived findings of fact and conclusions of law; and Defendants having waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED that the Parties' Joint Motion for Judgment as to Defendants Tuco Trading, LLC and Douglas G. Frederick and Orders: (1) Freezing Tuco's Assets; (2) Appointing a Permanent Receiver over Tuco; and (3) Prohibiting the Destruction of Documents is GRANTED.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and their subsidiaries, affiliates, officers, agents, servants, employees and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security, without being registered as a broker or dealer in accordance with Section 15(b) of the Exchange Act ]15 U.S.C. § 78o(b)].

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants, and their subsidiaries, affiliates, officers, agents, servants, employees and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A.  employing any device, scheme or artifice to defraud;

B.  making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C.  engaging in any practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from the date of entry of the Judgment, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income taxes as set forth in 28 U.S.C. § 1961. In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that either Tuco or Frederick did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

///

///

///

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents of Defendants are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendant Tuco and its subsidiaries, affiliates, officers, agents, servants, employees and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, equities, claims, negotiable instruments, or other real or personal property, wherever located, of Defendant Tuco, whether owned by, controlled by, managed by or in the possession or custody of any of them, and from transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card or credit arrangement, of Defendant Tuco.

VII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets in all accounts at any bank, financial institution, or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which signatory authority is held by Tuco, and its subsidiaries, affiliates, officers, agents, servants, employees or attorneys or any persons in active concert or participation with any of them, including, but not limited to, the accounts set forth below:

| Bank/ Entity Name | Account Name | Account Number(s) |
|---|---|---|
| GLB Trading, Inc. | Tuco Trading LLC Master Account of YU31 | 2131-4075 |

| Bank/ Entity Name | Account Name | Account Number(s) |
|---|---|---|
| GLB Trading, Inc. | Tuco Trading LLC Sub-Account #1 of 21314075 | 2132-0155 |
| GLB Trading, Inc. | Tuco Trading, LLC | 2131-7813 |
| JP Morgan Chase Bank | Tuco Trading LLC Operating Account | 000000722923067 |
| JP Morgan Chase Bank | Tuco Trading LLC Tuco Wire Account | 000000722923075 |
| Wedbush Financial | Tuco Trading LLC c/o Doug Frederick | 8244-9330 |
| Wedbush Financial | Tuco Trading LLC Income and Expense Account | 8244-9331 |
| Evolution Financial | Tuco Trading LLC | 1153-2603 |
| View Trade | Tuco Trading LLC | 4936-3559 |
| MF Global, Inc. | Tuco Trading LLC | E-480-HSP1-SP404 |
| Advantage Futures, LLC | Tuco Trading LLC-Mstr | MH006-A0535 |

## VIII.

IT IS FURTHER ORDERED that Thomas F. Lennon is appointed as permanent receiver of Tuco, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, accounts, equities, negotiable instruments, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, belonging to, being managed by, or in the possession of or control of Tuco and its subsidiaries and affiliates, and that such permanent receiver is immediately authorized, empowered and directed:

///

A. to have access to and to collect and take custody, control, possession, and charge of all funds, assets, accounts, equities, negotiable instruments, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, belonging to, being managed by, or in the possession of or control of Tuco and its subsidiaries and affiliates, with full power to sue, foreclose, marshal, sell, liquidate, trade, collect, receive, and take into possession all such property;

B. to have control of, and to be added as the sole authorized signatory for, all accounts of Tuco and its subsidiaries and affiliates, including all accounts over which Tuco and any of its subsidiaries, affiliates, officers, agents, servants, employees or attorneys have signatory authority, at any bank, financial institution, or brokerage firm (including, but not limited to GLB Trading, Inc.) which has possession, custody, or control of any assets or funds of Tuco or which maintains accounts over which Tuco and/or any of its officers, agents, servants, employees or attorneys have signatory authority;

C. to conduct such investigation and discovery as may be necessary to locate and account for all of the assets belonging to, being managed by, or in the possession of or control of Tuco and its subsidiaries and affiliates, and to engage and employ attorneys, accountants, and other persons to assist in such investigation and such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets belonging to, being managed by, or in the possession of or control of Tuco or any of its subsidiaries or affiliates;

D. to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets belonging to, being managed by, or in the possession of or control of Tuco and its subsidiaries and affiliates;

///

- 6 -

08cv400

E. to make an accounting, as soon as practicable, to this Court and the Commission of the assets and financial condition of Tuco and the assets being managed by, or in the possession of or control of Tuco and its subsidiaries and affiliates;

F. to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him or her, and to incur, or authorize the making of such agreements as may be necessary and advisable in discharging his or her duties as permanent receiver;

G. to employ attorneys, accountants, and others to investigate, advise and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature that may now or hereafter exist as a result of the activities of present or past officers, agents, servants or employees of Tuco;

H. to have access to and monitor all mail of Tuco in order to review such mail that he or she deems relevant to the business of Tuco and the discharging of his or her duties as permanent receiver; and

I. to exercise all of the lawful powers of Tuco and its subsidiaries, affiliates, officers, directors, employees, representatives, or persons who exercise similar powers and perform similar duties.

## IX.

IT IS FURTHER ORDERED that Defendants and their subsidiaries, affiliates, officers, agents, servants, employees, and attorneys, and any other persons who are in custody, possession, or control of any assets, negotiable instruments, equities, collateral, books, records, papers, notes, deeds of trust, and other interests in real property, or other property of, or managed by, Tuco (including, but not limited to, GLB Trading, Inc.) shall forthwith give access to and control of such property to the permanent receiver.

## X.

IT IS FURTHER ORDERED that no subsidiary, affiliate, officer, member, agent, servant, employee, or attorney of Defendant Tuco, shall take any action or purport to take any

action, in the name of or on behalf of Tuco, without the written consent of the permanent receiver or order of this Court.

## XI.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, members, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity, from Tuco, and all persons acting on behalf of any such client, member, investor, trust beneficiary, note holder, creditor, claimant, lessor, or other person, including sheriffs, marshals, servants, agents, employees, and attorneys, are hereby preliminarily restrained and enjoined from, directly or indirectly, with respect to Tuco:

    A.    commencing, prosecuting, continuing, or enforcing any suit or proceeding (other than the present action by the Commission) against Tuco;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Tuco, wherever situated; and

    C.    doing any act or thing whatsoever to interfere with taking control, possession, or management by the permanent receiver appointed hereunder of the property and assets owned, controlled or in the possession of Tuco, or in any way to interfere with or harass the permanent receiver, or his attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

## XII.

IT IS FURTHER ORDERED that Defendants, and their subsidiaries, affiliates, officers, agents, servants, employees, and attorneys, shall cooperate with and assist the permanent receiver, his attorneys, accountants, employees, and agents and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver, and his or her

attorneys, accountants, employees, or agents in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, negotiable instruments, collateral, premises, and choses in action described above.

### XIII.

IT IS FURTHER ORDERED that Defendants shall pay the costs, fees, and expenses of the permanent receiver incurred in connection with the performance of his or her duties described in this Judgment, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him or her in carrying out his or her duties and obligations. All applications for costs, fees and expenses for services rendered in connection with the permanent receivership other than routine and necessary business expenses in conducting the permanent receivership, such as salaries, rent, and any and all other reasonable operating and liquidating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

### XIV.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver. Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by any of the Defendants, their officers, agents, servants, employees, and attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of his duties and responsibilities. In particular, the permanent receiver shall not be liable for any losses incurred in connection with any of the sub-accounts held by Defendants arising out of or related to the permanent receiver's work hereunder, including, but not limited to, losses from either the sale or failure to sell securities or delays in the sale of securities during the course of the permanent receiver's term.

### XV.

IT IS FURTHER ORDERED that representatives of the Commission are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other

documents of Tuco, and their subsidiaries and affiliates, and continuing access to inspect their funds, property, assets, equities, negotiable instruments, and collateral, wherever located.

### XVI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants and their subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody, or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants.

### XVII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

### XVIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

IT IS SO ORDERED.

DATED: March 17, 2008

_____
UNITED STATES DISTRICT JUDGE

# Notice of Appeal Notification Form

**To:** Clerk, U.S. Court of Appeals  
**From:** U.S. District Court, Southern District of California  
**Subject:** New Appeals Case Information & Docket Fee Notification  

**Date:** 05/20/08

## Case Information

Case Title: Securities and Exchange Commission v. Tuco Trading LLC, et al

U.S.D.C. No.: 08cv400 DMS (BLM)     U.S.D.C. Judge: Dana M. Sabraw

Complaint/Indictment/Petition Filed: Complaint

Appealed Order Entered: 3/17/2008

Notice of Appeal Filed: 5/19/2008

Court Reporter: Lee Ann Pence

COA Status: [ ] Granted in full/part (appeal only)     [ ] Denied (send clerk's file)

## Docket Fee Notification

Docket Fee: [x] Paid     [ ] Not Paid     [ ] No Fee Required

USA/GOVT. APPEAL: [ ] Yes     [x] No

Date F/P granted (Show Date and Attach Copy of Order): _____

Was F/P Status Revoked? [ ] Yes     [ ] No

Companion Case(s): (Please list consolidated cases, if applicable) _____

## Counsel Information

**Appellant Counsel:**

Dennis Hirsch  
Sadis & Goldberg LLP

50 California Street  
Suite 2320  
San Francisco, CA 94111

(415) 490-0561

**Appellee Counsel:**

Donald Searles  
US Securities and Exchange Commission

5670 Wilshire Boulevard  
11th Floor  
Los Angeles, CA 90036-3648

(323) 965-4573

Counsel Status: [x] Retained     [ ] Appointed     [ ] Pro Se  
Appointed by: _____  
(Attach copy of order/minutes)

## Defendant Information

Prisoner ID Number: n/a

Bail: _____
Custody: _____

## SERVICE LIST

**Counsel for Appellant(s) and Appellee(s), as listed on the previous page, have been sent copies of the following items:**

| | |
|---|---|
| x | Transmittal of U.S.C.A. (Appellant and Appellee) |
| x | Case Information/Docketing Fee Notification Form. (Appellant Only) |
| x | Notice of Appeal. (Appellant, Appellee, U.S. District Judge, USPO, and Court Reporter) |
| x | Docket Entries (Appellant and Appellee) |
| x | Designation of Reporter's Transcript and Ordering Form. (Appellant Only, mailed separately) |
| | Order for Time Schedule. (Criminal Only) (Appellant, Appellee, and Court Reporter) |
| | Magistrate Judge's Report and Recommendation |
| | COA Order |
| | F/P Order |
| | Minute Order |
| x | Other: Judgment and Order entered 3/17/2008 |

Form Completed And Documents Served By U.S. District Court Deputy Clerk:

Lauren Hammer                                          **L. Hammer**
_____                    _____
Deputy's Name                                          Deputy's Signature

# UNITED STATES DISTRICT COURT
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

To:   Clerk, U.S. Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3939

Re:   **USCA No:**
**USDC No:**   08cv400 DMS (BLM)
Securities and Exchange Commission v. Tuco Trading LLC, et al

Clerk, U.S. Court of Appeals, enclosed herewith you will please find:

| | | | |
|---|---|---|---|
| x | Copy of the Notice of Appeal | x | Docket Entries |
| x | Case Information/Docket Fee Payment Notification Form | | |
| | Order for Time Schedule (Criminal) | | |
| | Original Clerk's Record in ___ set(s) of ___ volume(s). | | |
| | Reporter's transcript's transcripts in ___ set(s) of ___ volume(s). | | |
| | Exhibits in ___ envelope(s) ___ box(es) ___ folders(s) | | |
| x | Judgement Order | | F/P Order |
| | CJA Form 20 | | Minute Order |
| | Certificate of Record | | Mandate Return |
| | Magistrate Judge's Report and Recommendation | | |
| | COA Order | | |
| | Amended docket fee notification form | | |
| | Order Appointing Counsel for Appeal | | |
| | | | |
| x | Please acknowledge on the enclosed copy of this transmittal | | |

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

Date:   05/20/08           By:_____**L. Hammer**_____
Lauren Hammer, **Deputy**