attorneys, accountants, employees, or agents in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, negotiable instruments, collateral, premises, and choses in action described above.

### XIII.

IT IS FURTHER ORDERED that Defendants shall pay the costs, fees, and expenses of the permanent receiver incurred in connection with the performance of his or her duties described in this Judgment, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him or her in carrying out his or her duties and obligations. All applications for costs, fees and expenses for services rendered in connection with the permanent receivership other than routine and necessary business expenses in conducting the permanent receivership, such as salaries, rent, and any and all other reasonable operating and liquidating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

### XIV.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver. Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by any of the Defendants, their officers, agents, servants, employees, and attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of his duties and responsibilities. In particular, the permanent receiver shall not be liable for any losses incurred in connection with any of the sub-accounts held by Defendants arising out of or related to the permanent receiver's work hereunder, including, but not limited to, losses from either the sale or failure to sell securities or delays in the sale of securities during the course of the permanent receiver's term.

### XV.

IT IS FURTHER ORDERED that representatives of the Commission are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other

1  documents of Tuco, and their subsidiaries and affiliates, and continuing access to inspect their
2  funds, property, assets, equities, negotiable instruments, and collateral, wherever located.

### XVI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants and their subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody, or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants.

### XVII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

### XVIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

IT IS SO ORDERED.

DATED: March 17, 2008

_____
UNITED STATES DISTRICT JUDGE

I hereby attest and certify on 6/19/08
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody.
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By_____ Deputy

Exhibit  3  Page  42

08cv400

**FILED**

JUN 27 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 27 2008

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>TUCO TRADING, LLC; et al.,<br><br>Defendants - Appellants. | No. 08-55881<br><br>D.C. No. 3:08-cv-00400-DMS<br>Southern District of California,<br>San Diego<br><br>ORDER |

A review of the record suggests that this court may lack jurisdiction over the appeal because the notice of appeal was filed on May 19, 2008, more than 60 days after the district court entered judgment on March 17, 2008. *See* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B).

Within 21 days after the date of this order, appellants shall move for voluntary dismissal of the appeal or show cause why it should not be dismissed for lack of jurisdiction. If appellants elect to show cause, a response may be filed within 8 days after service of the memorandum.

If appellants do not comply with this order, the Clerk shall dismiss this appeal pursuant to Ninth Circuit Rule 42-1.

HS/MOATT

Exhibit __4__ Page __43__

Briefing is suspended pending further order of the court.

For the Court:

Molly Dwyer
Clerk of Court

By: Helene Silverberg
Motions Attorney/Deputy Clerk
9th Cir. R. 27-7
General Orders/Appendix A

HS/MOATT

2

Exhibit 4   Page 44

**CERTIFICATE OF SERVICE**
**In the Matter of Douglas G. Frederick**
Administrative Proceeding File No. 3-13004

Pursuant to Commission Rule of Practice 151 [17 C.F.R. § 201.151], I certify that the attached

**DECLARATION OF ROBERTO A. TERCERO IN SUPPORT OF DIVISION OF ENFORCEMENT'S MOTION FOR SUMMARY DISPOSITION AGAINST RESPONDENT DOUGLAS G. FREDERICK**

was filed with the Office of the Secretary of the Commission and served upon the following on July 14, 2008, in the manner described next to the name and address of each recipient:

| | |
|---|---|
| Office of the Secretary<br>Securities and Exchange Commission<br>100 F Street, N.E.<br>Washington, DC 20549-1090 | By overnight mail<br>[Original and 3 Copies] |
| Honorable Brenda P. Murray<br>Chief Administrative Law Judge<br>Securities and Exchange Commission<br>100 F Street, N.E.<br>Washington, DC 20549-2557<br>T – 202-551-6030 | F – 202-777-1031 | By overnight mail |
| Daniel G. Viola<br>Sadis & Goldberg LLP<br>551 5th Avenue, 21st Floor<br>New York, NY 10176<br>T – 212-573-8038 | F – 212-573-8140<br>E/dviola@sglawyers.com | By U.S. Mail |
| Dennis R. Hirsch<br>Sadis & Goldberg LLP<br>50 California Street, Suite 2320<br>San Francisco, CA 94111<br>T – 415-490-0563 | F – 415-391-1377<br>E/drhirsch@sglawyers.com | By U.S. mail |

*/s/ Roberto A. Tercero*
Roberto A. Tercero