1 | DONALD W. SEARLES, Cal. Bar No. 135705
SearlesD@sec.gov
2 | ROBERTO A. TERCERO, Cal. Bar No. 143760
TerceroR@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Acting Regional Director
Andrew Petillon, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TUCO TRADING, LLC, and DOUGLAS G. FREDERICK,<br><br>Defendants. | Case No. 08 CV 00400 DMS (BLM)<br><br>**DECLARATION OF TIMOTHY P. DAVIS**<br><br>Date:   September 19, 2008<br>Time:   1:30 p.m.<br>Place:  Courtroom 10<br>        (Honorable Dana M. Sabraw) |

## DECLARATION OF TIMOTHY P. DAVIS

1. My name is Timothy P. Davis. I am over the age of majority and am a resident of Tarrant County, Texas.

2. I am employed by Penson Financial Services, Inc. (Penson) as Vice President, Associate General Counsel and Chief Ethics Officer. In my capacity as Associate General Counsel, my responsibilities include oversight of litigation matters and interfacing with financial industry regulators including the Securities and Exchange Commission (SEC).

3. Within the scope of my authority at Penson, and since approximately March 7, 2008, I have been responsible for directing Penson employees to gather information relating to trading activities of Tuco Trading, LLC (Tuco), an account introduced to Penson by correspondent firm GLB Trading Inc. (GLB). From my review of information gathered at my direction, I have determined that the following is the true and correct sequence of events relating to the restriction of trading and disbursements in the Tuco account.

4. On March 3, 2008, at approximately 11:15 am cdt., Tom Delaney, the Global Chief Compliance Officer of Penson Worldwide, Inc. was contacted by Roberto A. Tercero at the SEC. Tercero asked Delaney to place a "voluntary hold" on the brokerage accounts of Tuco and Douglas G. Frederick. Tercero explained that by "voluntary hold", the Commission was requesting that Penson not allow any funds or securities to be withdrawn from the accounts, although trading in the accounts could continue. Delaney complied with the request.

5. Unknown to Delaney at the time he directed the restriction, the Tuco account was in violation of day-trading margin rules.

6. On or about the morning of March 5, 2008, and following a previous margin call, Clay Mullin, Director of Penson's Margin Department, restricted the Tuco account to liquidating

- 1 -

orders until the point the margin call was satisfied. Mullin's restriction was independent and without consideration of the SEC's prior request.

7.  On or about the morning of March 7, 2008, Mullin further restricted the Tuco account to not allow disbursements because a review of the trading files from the previous day indicated that GLB ignored the previous "liquidating orders only" restriction and included in its trading files several non-liquidating orders for Tuco and other accounts. A restriction of disbursements was necessary until GLB's account could be reconciled and the financial impact of the non-liquidating orders could be evaluated. GLB's refusal to abide by the liquidating orders instruction continued for several trading days.

8.  Mullin's action restricting disbursements was again independent and without consideration of any instruction provided by the SEC to Delaney.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on August 29, 2008 at Dallas, Texas.

_____
Timothy P. Davis

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648
Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On September 4, 2008, I caused to be served the document entitled **DECLARATION OF TIMOTHY P. DAVIS** on all the parties to this action addressed as stated on the attached service list:

[ ]    **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

    [ ]    **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

    [ ]    **INTERNATIONAL REGISTERED MAIL, RETURN RECEIPT REQUESTED:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of International Registered Mail, Return Receipt Requested at Los Angeles, California, with International Registered Mail, Return Receipt Requested postage paid.

[ ]    **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]    **FEDERAL EXPRESS:** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[X]    **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[ ]    **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

[X]    **(Federal)** I declare that I am a member of the bar of this Court. I declare under penalty of perjury that the foregoing is true and correct.

Date: September 4, 2008              /s/ Donald W. Searles
                                                              Donald W. Searles

**SEC v. TUCO TRADING and DOUGLAS G. FREDERICK**
**United States District Court – Southern District of California**
**Case No. 08 CV 00400 DMS (BLM)**
**(LA-3458)**

SERVICE LIST

Daniel G. Viola, Esq.
Sadis & Goldberg LLP
551 5th Avenue, 21st Floor
New York, NY 10176
Telephone: (212) 573-8038
Facsimile: (212) 573-8140
Email: dviola@sglawyers.com
***Counsel to Defendant Douglas G. Frederick***

Dennis R. Hirsch, Esq.
Sadis & Goldberg LLP
50 California Street, Suite 2320
San Francisco, CA 94111
Telephone: (415) 490-0563
Facsimile: (415) 391-1377
Email: drhirsch@sglawyers.com
***Counsel to Defendant Douglas G. Frederick***

David L. Osias, Esq.
Debra A. Riley, Esq.
Ted Fates, Esq.
Allen Matkins Leck Gamble Mallory & Natsis LLP
501 W. Broadway, 15th Floor
San Diego, CA 92101-1158
Telephone: (619) 233-1155
Facsimile: (619) 233-1158
Email: dosias@allenmatins.com
Email: driley@allenmatkins.com
Email: tfates@allenmatkins.com
***Counsel to Receiver Thomas F. Lennon***

James S. Barber, Esq.
Clausen Miller P.C.
10 South LaSalle Street
Chicago, IL 60603
Telephone: (312) 606-7712
Facsimile: (312) 606-7500
Email: jbarber@clausen.com
***Counsel to GLB Trading, Inc.***

Mark G. Hanchet, Esq.
Mayer Brown Rowe & Maw LLP
1675 Broadway
New York, NY 10019-5820
Telephone: (212) 506-2695
Email: mhanchet@mayerbrown.com
***Counsel to Penson Financial Services***