UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION
April 8, 2008

ADMINISTRATIVE PROCEEDING
File No. 3-13004

| | |
|---|---|
| In the Matter of<br><br>DOUGLAS G. FREDERICK,<br><br>Respondent. | ORDER INSTITUTING ADMINISTRATIVE PROCEEDINGS PURSUANT TO SECTION 15(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND NOTICE OF HEARING |

I.

The Securities and Exchange Commission ("Commission") deems it appropriate and in the public interest that public administrative proceedings be, and hereby are, instituted pursuant to Section 15(b) of the Securities Exchange Act of 1934 ("Exchange Act") against Douglas G. Frederick ("Respondent" or "Frederick").

II.

After an investigation, the Division of Enforcement alleges that:

A.  RESPONDENT

1.  Respondent has been the sole managing member of Tuco Trading, LLC ("Tuco Trading"), a broker-dealer that was not registered with the Commission, since August 2006. Respondent was also a registered representative associated with GLB Trading, Inc. (File No. 8-65790), a broker-dealer registered with the Commission, from April 2006 to the present. Respondent, 38 years old, is a resident of San Diego, California.

Exhibit 5 Page 17

B. ENTRY OF THE INJUNCTION

2. On March 17, 2008, a judgment of permanent injunction was entered by consent against Frederick, permanently enjoining him from future violations of Sections 10(b) and 15(a) of the Exchange Act and Rule 10b-5 thereunder, in the civil action entitled <u>Securities and Exchange Commission v. Tuco Trading, LLC, et al.</u>, Civil Action Number 08 CV 00400 DMS (BLM), in the United States District Court for the Southern District of California.

3. The Commission's complaint alleged that, from at least December 2007, in connection with the purchase and sale of securities, Frederick made false and misleading statements to traders of Tuco Trading about the equity balances of their sub-accounts at Tuco Trading. The complaint also alleged that Frederick knowingly provided substantial assistance to Tuco Trading regarding its acting as an unregistered broker-dealer.

### III.

In view of the allegations made by the Division of Enforcement, the Commission deems it necessary and appropriate in the public interest that public administrative proceedings be instituted to determine:

A. Whether the allegations set forth in Section II are true and, in connection therewith, to afford Respondent an opportunity to establish any defenses to such allegations; and

B. What, if any, remedial action is appropriate in the public interest against Respondent pursuant to Section 15(b) of the Exchange Act.

### IV.

IT IS ORDERED that a public hearing for the purpose of taking evidence on the questions set forth in Section III hereof shall be convened at a time and place to be fixed, and before an Administrative Law Judge to be designated by further order as provided by Rule 110 of the Commission's Rules of Practice, 17 C.F.R. § 201.110.

IT IS FURTHER ORDERED that Respondent shall file an Answer to the allegations contained in this Order within twenty (20) days after service of this Order, as provided by Rule 220 of the Commission's Rules of Practice, 17 C.F.R. § 201.220.

If Respondent fails to file the directed answer, or fails to appear at a hearing after being duly notified, the Respondent may be deemed in default and the proceedings may be determined against him upon consideration of this Order, the allegations of which may be deemed to be true as provided by Rules 155(a), 220(f), 221(f) and 310 of the Commission's Rules of Practice, 17 C.F.R. §§ 201.155(a), 201.220(f), 201.221(f) and 201.310.

This Order shall be served forthwith upon Respondent personally or by certified mail.

Exhibit 5   Page 18

IT IS FURTHER ORDERED that the Administrative Law Judge shall issue an initial decision no later than 210 days from the date of service of this Order, pursuant to Rule 360(a)(2) of the Commission's Rules of Practice.

In the absence of an appropriate waiver, no officer or employee of the Commission engaged in the performance of investigative or prosecuting functions in this or any factually related proceeding will be permitted to participate or advise in the decision of this matter, except as witness or counsel in proceedings held pursuant to notice. Since this proceeding is not "rule making" within the meaning of Section 551 of the Administrative Procedure Act, it is not deemed subject to the provisions of Section 553 delaying the effective date of any final Commission action.

For the Commission, by its Secretary, pursuant to delegated authority.

Nancy M. Morris
Secretary

By: *Jill M. Peterson*
Jill M. Peterson
Assistant Secretary

3

Exhibit 5  Page 19

Exhibit___5___Page___20___

## Service List

Rule 141 of the Commission's Rules of Practice provides that the Secretary, or another duly authorized officer of the Commission, shall serve a copy of the Order Instituting Administrative Proceedings Pursuant to Section 15(b) of the Securities Exchange Act of 1934 and Notice of Hearing ("Order"), on the Respondent and his legal agents.

The attached Order has been sent to the following parties and other persons entitled to notice:

Honorable Brenda P. Murray
Chief Administrative Law Judge
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549-2557

Donald W. Searles, Esq.
Roberto A. Tercero, Esq.
Los Angeles Regional Office
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90036-3648

Mr. Douglas G. Frederick
5123 Los Altos Court
San Diego, CA 92109

Stephen Young, Esq.
Michele R. Fron, Esq.
Audette Paul Morales, Esq.
Keesal, Young & Logan
400 Oceangate, P.O. Box 1730
Long Beach, CA 90802-1730
(Counsel for Douglas G. Frederick)